## MARICOPA PACKING CO. v. SHORTRIDGE.

### No. 12193.

United States Court of Appeals
Ninth Circuit.
Aug. 29, 1949.

Kramer, Morrison, Roche & Perry, Phoenix, Arizona, for appellant.

Charles A. Stanecker, Phoenix, Arizona, for appellee.

Before GARDNER* and HEALY, Circuit Judges, and YANKWICH, District Judge.

PER CURIAM.

On July 2, 1948, the Northern Meat Company filed its petition in bankruptcy, and was thereafter adjudged a bankrupt. Previously, on March 24 of that year, appellant had caused a writ of garnishment to be issued in a suit in the state court against the Meat Company, and by this process had obtained a lien upon the latter's bank account in an amount exceeding $500. The suit was apparently contested and was still pending at the time of the Meat Company's adjudication. The Trustee (appellee here) intervened to challenge the validity of the lien, asserting that the bankrupt was insol-

vent as of the date of its acquisition. The Trustee and the parties plaintiff and defendant in the suit stipulated that the question of insolvency be resolved by the bankruptcy referee, it being agreed by all concerned that the sequestration of the bankrupt's funds was had within the four months' period prescribed by the Act, 11 U.S.C.A. § 107, sub. a(1). The state court postponed disposition of the challenged writ until the final determination of the controlling factual issue in the federal jurisdiction. Thereafter the matter came on for hearing before the referee on the Trustee's petition; and upon the taking of evidence the referee found that the bankrupt was insolvent on March 24, 1948. The appeal is from the order of the district court affirming the finding.

Appellant contends that the finding of insolvency is unsupported by evidence.[1] The only testimony on the point was that of a certified public accountant, who stated that he made no attempt to appraise the assets. In placing a valuation on certain trucks and other items of the bankrupt's personal property he adopted the amounts realized on their sale several months subsequent to March 24. These items were encumbered and on their disposition brought nothing beyond the amount of the encumbrances. As to other assets he accepted book values, although believing them excessive. While the accountant stressed realized values, his testimony in its entirety indicates that the values arrived at were in fact his own estimates of what the property would have brought had it been converted into cash on the critical date, the estimates, he said, being based on a variety of "evidences" he had obtained from the files and from other sources. His testimony was given in conjunction with a tabulation he had prepared analyzing asset value and the tabulation was introduced as an exhibit. It is undisputed that the Meat Company lost money from the inception of its operations and that

[1] The statute, 11 U.S.C.A. § 107, sub. d(1), provides that a person is insolvent "when the present fair salable value of his property is less than the amount required to pay his debts".

984

there was no good will. In respect to personal property, courts have sanctioned liberal ways of providing value. Sales of such property at a date not too remote from the valuation date are proper criteria of value. 32 C.J.S., Evidence, § 1049, and compare Bagdasarian v. Gragnon, 31 Cal. 2d 744, 192 P.2d 935. In the absence of countervailing evidence (and there was none here) we think there was sufficient proof of insolvency as of the date of the garnishment.

Order affirmed.